UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHARON JARVIS, et al.,

    Plaintiffs,

v.

CITY OF MESQUITE POLICE DEPARTMENT, et al.,

    Defendants.

2:09-CV-00851-PMP-GWF

ORDER

Presently before the Court is Defendant City of Mesquite's Motion for Summary Judgment (Doc. #111), filed on September 9, 2011. Plaintiff Katricia Cloes filed an Opposition (Doc. #112) on October 3, 2011. Defendant City of Mesquite filed a Reply (Doc. #116) on October 27, 2011. The Court held a hearing on the Motion on February 22, 2012. (Mins. of Proceedings (Doc. #120).)

**I. BACKGROUND**

The parties are familiar with the facts in this case, and the Court will not repeat them here except where necessary. Plaintiff Katricia Cloes originally brought this action in state court on April 9, 2009 as one of three Jane Doe Plaintiffs. (Pet. for Removal, Ex. A ("Compl.").) Generally, Plaintiff alleges Defendant Kirt Hughes ("Hughes"), a City of Mesquite Police Department officer, sexually assaulted her while he was in uniform and on duty in December 2007. Plaintiff further contends that Defendant City of Mesquite ("City") covered up Hughes' conduct despite receiving prior complaints about Hughes. The Second Amended Complaint (Doc. #39) asserts claims against City for sexual assault and battery

(count one); intentional infliction of emotional distress (count two); negligent hiring, training, and supervision (count three); negligent infliction of emotional distress (count four); respondeat superior (count five); a Monell[1] claim based on a policy or practice of ignoring complaints made against fellow officers and covering up Hughes' misconduct (count seven); and conspiracy under 42 U.S.C. § 1983 and § 1985 (count eight). Defendant City now moves for summary judgment on all of Plaintiff's claims against City. Plaintiff opposes City's Motion.

## II. DISCUSSION

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Id. The Court views all evidence in the light most favorable to the non-moving party. Id.

### A. Monell - Count Seven

"Municipalities, their agencies, and their supervisory personnel cannot be held liable under section 1983 on a theory of respondeat superior." Shaw v. State of Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986). But these entities may

---

[1] Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658 (1978).

2

be held liable for "deprivations of constitutional rights resulting from their policies or customs." Id. Thus, a plaintiff suing a municipality or its agency must establish both a constitutional deprivation and the existence of a municipal custom or policy that caused the deprivation. Munger v. City of Glasgow Police Dep't, 227 F.3d 1082, 1087 (9th Cir. 2000). "A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002) (quotations omitted). "A 'policy' can be one of action or inaction." Id. (internal citations omitted). A plaintiff may prove a municipal policy was the moving force behind a constitutional violation in three ways: (1) the municipality adopted an express policy; (2) a municipal employee committed a constitutional violation pursuant to the municipality's longstanding practice or custom; or (3) the person that caused the violation had final policymaking authority. Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003) (citation omitted).

      Plaintiff has failed to present evidence raising a genuine issue of material fact that a City policy was the moving force behind any constitutional injury she suffered. The evidence before the Court shows that Hughes' ex-wife, Sharon Jarvis ("Jarvis"),[2] complained in 2004 about Hughes assaulting her. (Def.'s Mot. Summ. J., Ex. C.) Hughes denied the allegation. (Id.) Although Jarvis contends Mesquite Police Department Lt. Shane Charles ("Charles") discouraged her from pursuing the complaint, Charles reported Jarvis's complaint to Deputy Chief Szalay, who requested an investigation by the State of Nevada, Department of Public Safety Investigative Division. (Id.) Two state investigators went to Jarvis's home to interview her, but Jarvis refused to put the complaint in writing or otherwise follow up on the complaint. (Id.) The investigators closed the case. (Id.) There

---

[2] Jarvis formerly was a plaintiff in this action.

3

is no evidence Jarvis complained again until July 2007 when Jarvis told Charles about another assault by Hughes, but Jarvis again did not file a formal complaint. (Def.'s Mot. Summ. J., Ex. D.)

As to Plaintiff, Hughes assaulted her on December 3, 2007. (Opp'n to Mot. Summ. J., Ex. A at 122-23.) Chief of Police Douglas Law ("Law") went to Plaintiff's house to bring her a complaint form to complete. (Def.'s Mot. Summ. J., Ex. B; Opp'n to Mot. Summ. J., Ex. 3 at 8.) However, Plaintiff did not file a written complaint until August 2008. (Def.'s Mot. Summ. J., Ex. B.) After Plaintiff and Jarvis filed their written complaints, the City put Hughes on paid leave and ultimately terminated Hughes. (Opp'n to Mot. Summ. J., Ex. 3 at 9, 11.)

The evidence thus shows that City investigated Jarvis's initial complaint, but she declined to pursue the matter, and Jarvis declined to formalize her second complaint. Plaintiff also declined to pursue her complaint against Hughes. After Plaintiff and Jarvis were willing to pursue their complaints, City suspended and ultimately terminated Hughes. The evidence does not raise an issue of fact that City had a policy, custom, or practice of ignoring complaints against its officers. Rather, City would initiate an investigation, but would conclude it could not proceed further absent a willingness on the part of the victim to stand by her complaint. The Court therefore will grant City summary judgment on the Monell claim, as Plaintiff has presented no evidence that a City policy was the moving force behind Plaintiff's injury.

**B. Conspiracy Under Sections 1985 & 1983 - Count Eight**

1. Section 1985

Section 1985 contains three discrete substantive clauses. Section 1985(1) concerns preventing an officer of the United States from performing his or her duties. Section 1985(2) contains two causes of action. "The first clause of section 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness

4

or juror in connection therewith." Bretz v. Kelman, 773 F.2d 1026, 1027 n.3 (9th Cir. 1985). The second clause of section 1985(2) provides a cause of action "if two or more persons conspire for the purpose of impeding . . . the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ." 42 U.S.C. § 1985(2). To state a claim under section 1985(2)'s second clause, a plaintiff must allege she is a member of a class which suffers from invidious discrimination and the defendant's acts were motivated by animus towards that class. Bretz, 773 F.2d at 1028.

Finally, section 1985(3) sets forth three different types of claims. Section 1985(3)'s first clause provides a cause of action against private individuals who conspire to deny any person equal protection of the laws. Section 1985(3)'s second clause provides a cause of action for a conspiracy which has as its purpose preventing or hindering state authorities from giving or securing equal protection of the laws to persons within the state. Section 1985(3)'s third clause provides a cause of action for a conspiracy to interfere with federal elections. To prove a violation of section 1985(3) under the first two clauses, a plaintiff must show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (emphasis omitted) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Plaintiff does not specify under which section she brings her section 1985 conspiracy claim. Plaintiff does not allege and does not offer any evidence that Hughes held an office of the United States or that City somehow interfered with a United States official. City therefore is entitled to summary judgment to the extent Plaintiff's claim arises under section 1985(1). Plaintiff has not identified any federal proceeding connected with her claims. City therefore is entitled to summary judgment to the extent Plaintiff's section 1985 claim is based on the first cause of action in section 1985(2). City also is entitled to summary judgment to the extent Plaintiff's claim is based on section 1985(2)'s second

clause because she has failed to argue or present evidence she is a member of a protected class and that City's actions were motivated by class-based animus.

Further, City is entitled to summary judgment to the extent Plaintiff's claim is based on section 1985(3). Plaintiff has failed to provide any evidence or argument that City was motivated by an invidiously discriminatory purpose. Additionally, Plaintiff makes no claim City interfered with a federal election. The Court therefore will grant City's Motion with respect to Plaintiff's conspiracy claim to the extent it is based on section 1985.

### 2. Section 1983

To establish a section 1983 conspiracy, the plaintiff must show the defendants agreed to violate constitutional rights. Crowe v. Cnty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). The plaintiff may meet this burden through circumstantial evidence, such as the defendants' actions. Id.

Plaintiff has failed to present evidence raising a genuine issue of material fact that Law and Charles agreed with each other or with Hughes to violate constitutional rights. Plaintiff contends Law and Charles failed to investigate Jarvis's prior complaints about Hughes sexually assaulting her. However, as discussed above, the evidence shows that Jarvis complained in 2004 about Hughes assaulting her but Hughes denied the allegations. Charles reported Jarvis's complaint to Deputy Chief Szalay, who requested an investigation by the State of Nevada, Department of Public Safety Investigative Division. The investigators, who Plaintiff does not allege to be part of a conspiracy, closed the case after Jarvis indicated she would not pursue the matter. There is no evidence Jarvis complained again until July 2007 when Jarvis told Charles about another assault by Hughes, but Jarvis again would not file a complaint. As to Plaintiff, Law went to Plaintiff's house to bring her a written complaint form to complete, but Plaintiff likewise declined to pursue the matter at that time. After Plaintiff and Jarvis filed their written complaints, City put Hughes on paid leave and ultimately terminated Hughes. The evidence before the Court thus shows that

1  Charles and Law responded to complaints about Hughes, but determined they could not
2  proceed further without a complainant willing to pursue the matter.  Such conduct does not
3  present a genuine issue of material fact that Law or Charles conspired to violate
4  constitutional rights.  The Court therefore will grant City's Motion with respect to
5  Plaintiff's conspiracy claim under section 1983.

### C. Sexual Assault, Intentional Infliction of Emotional Distress, & Respondeat Superior - Counts One, Two, and Five

8  Pursuant to Nevada Revised Statutes § 41.745(1), an employer is not liable for its
9  employee's intentional tort if: (1) the employee's conduct was an "independent venture,"
10 (2) the employee's conduct was not committed in the course of his or her assigned tasks,
11 and (3) the employee's conduct was not reasonably foreseeable in light of the nature and
12 scope of his employment.  An employee's conduct is reasonably foreseeable "if a person of
13 ordinary intelligence and prudence could have reasonably anticipated the conduct and the
14 probability of injury."  Nev. Rev. Stat. § 41.745(1).

15 No genuine issue of material fact remains that Hughes was on an independent
16 venture.  Hughes was on duty and was in uniform.  (Def.'s Mot. Summ. J., Ex. A at 124.)
17 However, it is undisputed that Hughes went to Plaintiff's house to drop off an invitation to
18 his wedding.  (Id.)  Dropping off a wedding invitation has no relation to the performance of
19 Hughes' official duties.  Moreover, Hughes did not gain entry to Plaintiff's home on any
20 official police business or the pretense of police business.  Rather, Plaintiff testified she
21 invited him in for coffee.  (Id. at 126; Opp'n to Mot. Summ. J., Ex. 1 at 164.)  Hughes'
22 threatened use of his department-issued taser[3] to complete the assault does not alter the
23 conclusion that his visit to Plaintiff and subsequent assault on her was a personal venture
24 where he was at her home to deliver a wedding invitation, was invited in for coffee, and the

---

[3] (Opp'n to Mot. Summ. J., Ex. 1 at 130-31.)

7

assault had no connection to his official duties.  Finally, although Plaintiff argues Hughes used his training as an officer to gain physical control over her, there is no evidence in the record to support that statement nor would such a fact necessarily take Hughes' conduct out of the realm of a personal venture.  The Court therefore will grant the City's Motion on Plaintiff's respondeat superior claims against City for the intentional torts of sexual assault and intentional infliction of emotional distress.

### D.  Negligent Hiring, Training, & Supervision & Negligent Infliction of Emotional Distress - Counts Three and Four

Nevada Revised Statute section 41.032 sets forth exceptions to Nevada's general waiver of sovereign immunity.  Pursuant to section 41.032(2), no action may be brought against a state officer or employee or any state agency or political subdivision that is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused."  To determine whether immunity for a discretionary act applies, Nevada utilizes a two-part test.  First, an act is entitled to discretionary immunity if the decision involved an element of individual judgment or choice.  Martinez v. Maruszczak, 168 P.3d 720, 729 (Nev. 2007).  Second, the judgment must be "of the kind that the discretionary function exception was designed to shield," which includes actions "based on considerations of social, economic, or political policy."  Id. at 727-29 (quotations omitted).

Nevada looks to federal decisional law on the Federal Tort Claims Act for guidance on what type of conduct discretionary immunity protects.  Id. at 727-28.  The United States Court of Appeals for the Ninth Circuit and other circuits have held that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to

shield." Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000).

However, acts which violate the Constitution are not discretionary. Nurse v. United States, 226 F.3d 996, 1002 (9th Cir. 2000) ("In general, governmental conduct cannot be discretionary if it violates a legal mandate."); see also U.S. Fid. & Guar. Co. v. United States, 837 F.2d 116, 120 (3d Cir. 1988) (stating that "conduct cannot be discretionary if it violates the Constitution, a statute, or an applicable regulation" because federal officials "do not possess discretion to violate constitutional rights or federal statutes"). Further, acts taken in bad faith are not protected by discretionary immunity under Nevada law. See Falline v. GNLV Corp., 823 P.2d 888, 891 (Nev. 1991); see also Davis v. City of Las Vegas, 478 F.3d 1048, 1059-60 (9th Cir. 2007).

As negligent training, supervision, or retention claims generally are barred by discretionary immunity, City is entitled to discretionary immunity on Plaintiff's negligent supervision claim. Likewise, because her negligent infliction of emotional distress claim arises from City's duty to take seriously complaints about one of its officers committing sexual assaults and to investigate appropriately,[4] Plaintiff's negligent infliction of emotional distress claim is based on the same theory as her negligent supervision claim and therefore is barred by discretionary immunity. Although Plaintiff argues City acted in bad faith and violated Plaintiff's constitutional rights, Plaintiff presents no evidence raising a genuine issue of material fact that it did so for the reasons discussed above regarding City's response to prior complaints, Jarvis's and Plaintiff's refusal to pursue complaints, and City's eventual suspension and termination of Hughes once complainants were willing to stand by their complaints. The Court therefore will grant City's Motion with respect to Plaintiff's negligent supervision and negligent infliction of emotional distress claims.

///

---

[4] (Second Am. Compl. at 8.)

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant City of Mesquite's Motion for Summary Judgment (Doc. #111) is hereby GRANTED.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Defendant City of Mesquite and against Plaintiff Katricia Cloes.

DATED: February 23, 2012

_____
PHILIP M. PRO
United States District Judge